■ HOWARD O. COGER, SR., et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 40421.) — *Per Curiam.* Appeal from a judgment of the Court of Claims, entered upon a decision, which dismissed a claim for damages for personal injuries sustained by the infant claimant when the sled upon which he was riding on a ski slope maintained by the State University at Cobleskill missed a bridge and entered a ditch or creek bed. Appellants contend that the State was negligent in, among other things, " constructing, maintaining and operating a ski-tow area in that it permitted a dangerous condition to prevail by leaving a ditch uncovered that spanned the width of the hill at its base." The creek bed referred to extended the entire width of the area, and in that distance, which was 178 feet, was spanned by two bridges, one of 16½ feet and the other of 10 feet, measured along the bank, so that the creek bed was exposed for more than 150 feet. The hill sloped toward the creek, the top of the hill being 350 feet from it. The grade of the hill at its steepest was 24% and the slope flattened to a 2% grade in the last 100 feet of the approach to the creek bed. On ski slopes generally, grades of less than 30% are not considered steep, according to claimants' engineer. On first impression, the existence of the ditch or creek bed for almost the entire width of the area, at the bottom of the slope, might appear a dangerous and negligently permitted condition; but in the absence of any expert opinion evidence in respect of usual and accepted practices in laying out areas of this nature and of the danger or absence of danger inherent in the situation of a ditch approached by a slope of 2% for a distance of 100 feet at the foot of the hill measured and described by claimants' engineer, we cannot disturb the trial court's finding that claimants failed to sustain the burden of proving the State negligent. The record sustains the finding of contributory negligence on the part of the infant claimant, appraised by the trial court as a " very bright " boy of 11 years, who was well aware of the creek bed and twice guided his sled across one of the bridges and recrossed it in returning to the slope but missed it on his third trip down the hill. There was disputed evidence, which the trial court did not discuss or evaluate, that signs forbidding sledding were in place and, indeed, that a supervisor had expressly forbidden the infant claimant to slide in the ski area. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.